**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21483-BLOOM**

DANIEL ORLANDO RODRIGUEZ-GARRIDO,

     Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland
Security (DHS); JOSEPH B. EDLOW, Director, U.S.
Citizenship and Immigration Services (USCIS);
TODD M. LYONS, Acting Director, U.S. Immigration
and Customs Enforcement (ICE); MARCOS CHARLES,
Acting Executive Associate Director, Enforcement and
Removal Operations (ERO), U.S. Immigration and
Customs Enforcement (ICE); GARRET J. RIPA,
ICE Miami Field Office Director,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Daniel Orlando Rodriguez-Garrido's

Petition for Writ of *Habeas Corpus* ("Petition"), ECF No. [1]. Respondents filed a Response in

Opposition ("Response"), ECF No. [6].  The Court has reviewed the Petition, the supporting and

opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the

Petition is denied as moot.

### I.  BACKGROUND

Petitioner is a native and citizen of Honduras. ECF No. [1] ¶ 2. Petitioner entered the United

States around 2015, became subject to an order of expedited removal, and departed the United

Staes. *Id*. ¶ 59.  In March 2019, Petitioner fled Honduras with his daughter after enduring gang

extortion, beatings, and threats to his life. *Id*. ¶ 58. Following Petitioner's re-entry into the United

States, the Department of Homeland Security ("DHS") purported to reinstate Petition's prior

removal order pursuant to 8 U.S.C. § 1231(a)(5). *Id*. ¶ 61. Petitioner communicated or attempted to communicate to immigration officials his fear of returning to Honduras. *Id*. ¶ 63. Despite this, Respondents did not refer Petitioner to a USCIS asylum officer for a reasonable-fear interview. Moreover, Respondents did not provide Petitioner with a reasonable-fear screening. *Id*. ¶ 64. On February 28, 2026, Respondents deported Petitioner to Honduras. *Id*. ¶ 6.

Petitioner argues that because the mandatory reasonable-fear process never occurred, Respondents lacked lawful authority to execute Petitioner's removal to Honduras. *Id*. ¶ 82. Petitioner further argues that because Respondents removed petitioner before the mandatory process occurred, the only meaningful remedy is one that compels Respondents to correct the omission by facilitating his return and immediately performing the duties they unlawfully withheld. *Id*. ¶ 112. Petitioner also contends he is entitled to relief under the Administrative Procedures Act and that his Fifth Amendment Right to Due Process has been violated. *Id*. ¶¶ 114, 148. Respondents argue that considering Petitioner's release from detention the Court should dismiss the Petition as moot because there no longer exists a case or controversy under Article III, Section 2, of the Constitution. ECF No. [6] at 2.

The Court agrees with Respondents. As Petitioner apparently concedes, his habeas claims relating to his detention are now moot. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). And the Court cannot use a habeas petition to grant civil relief related to the APA. *Lashley v. Gonzalez*, No. 1:07-CV-1589-JTC, 2007 WL 2908652, at *1 n.1 (N.D. Ga. Oct. 2, 2007) ("[T]he only relief available via a habeas corpus action is immediate or speedier release from custody.") (citing Preiser v. Rodriquez, 411 U.S. 475 (1973))). Habeas jurisdiction

requires that the petitioner be in "custody." *Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003). Petitioner was released from custody on February 28, 2026, and Petitioner filed his Petition on March 5, 2026. As such, the Petition is denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Petition**, ECF No. [1]** is **DENIED AS MOOT.**

2.  The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

3